DISTRICT OF COLUMBIA, ss:

## DECLARATION OF KATHERINE C. FENNELL

I, Katherine C. Fennell, declare and say as follows:

1. I am an Attorney-Adviser in the Office of the Legal Adviser, Department of State, Washington, D.C. This office has responsibility for extradition requests within the Department of State, and I am charged with the extradition case of Owen Athelbert Headley. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In accordance with the provisions of the extradition treaty in full force and effect between the United States and Canada, the Canadian Embassy has submitted Diplomatic Note No. 5717, dated May 7, 2018, formally requesting the extradition of Owen Athelbert Headley. A copy of the Diplomatic Note is attached to this declaration.

3. The relevant and applicable treaty provisions in full force and effect between the United States and Canada are found in the Extradition Treaty between the United States of America and Canada of December 3, 1971, which entered into force on March 22, 1976 (the "1971 Treaty"), the Protocol Amending the Extradition Treaty with Canada of January 11, 1988, which entered into force on November 26, 1991 (the "1988 Protocol"), and the Second Protocol Amending the Extradition Treaty with Canada of January 12, 2001, which entered into force on April 30, 2003 (the "2001 Protocol"). Copies of the Treaty and the Protocols are attached to this declaration.

4. In accordance with Article 17 of the 1971 Treaty, the Government of the United States provides legal representation in its courts for Canada in its extradition requests, and Canada provides legal representation in its courts for extradition requests made by the United States.

5. The offenses for which extradition is sought are extraditable offenses pursuant to Article 2 of the 1971 Treaty, as replaced by Article I of the 1988 Protocol.

180460039-1

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

I Certify That Katherine C. Fennell, whose name is subscribed to the document hereunto annexed, was at the time of subscribing the same Attorney-Adviser, Office of the Legal Adviser, Department of State, United States of America, and that full faith and credit are due to her acts as such.

*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Michael R. Pompeo, Secretary of State , have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this second day of July, 2018.

*Issued pursuant to CHXIV, State
Sept. 789, 1 Stat. 68-69; 2
USC 22USC 2651a; 5 USC
301; C 1733 et. seq.; 8 USC
1443 LE 44 Federal Rules of
Civil ure.*

*Michael R Pompeo*
Secretary of State

By _____
Assistant Authentication Officer,
Department of State

-2-

6. Documents submitted by the Government of Canada in support of its extradition request were certified on May 4, 2018, by Elizabeth Kay Mayfield, Chargé d'Affaires of the United States of America in Ottawa, in accordance with Title 18, United States Code, Section 3190. Ms. Mayfield, at the time of her certification, was the principal diplomatic officer of the United States in Canada.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June ___29___, 2018.


KATHERINE C. FENNELL

Attachments:

    1. Copy of the Note
    2. Copies of Treaty and Protocols



Embassy of Canada          Ambassade du Canada

<u>Note No. 5717</u>

The Embassy of Canada presents its compliments to the Department of State and has the honour to request the extradition of Owen Athelbert Headley, an American citizen, born on ████, 1963, holder of US passport No. ████0492.  Photographs of the person sought are appended to the documents submitted in support of the extradition request.

Canada is seeking the extradition of Owen Athelbert Headley to stand trial in relation to:

Owen Athelbert Headley, on or about the 21st day of April, 2017, at the City of Brampton in the said region, did commit a sexual assault on ████-Headley, contrary to section 271 of the *Criminal Code* of Canada.

Owen Athelbert Headley, on or about the 21st day of April, 2017, at the City of Brampton in the said region, did have sexual intercourse with ████-Headley while knowing that ████-Headley was his daughter, contrary to section 155(2) of the *Criminal Code* of Canada; and

Owen Athelbert Headley, on or about the 21st day of April, 2017, at the City of Brampton in the said region, being in a position of trust or authority towards ████-Headley a young person, did for sexual purpose touch directly or indirectly the body of ████-Headley a young person with part of his body, contrary to section 153(1)(a) of the *Criminal Code* of Canada.

…/2



- 2 -

Information No. 011310 was sworn on September 18, 2017 by Detective Chris Giles, Peel Region Police, in the City of Brampton, Ontario before Justice of the Peace J. Farnum.  Warrant for Arrest was issued on September 18, 2017 by Justice of the Peace J. Farnum, in the city of Brampton, of the Province of Ontario.

There is no statute of limitations in respect of the offences for which the person sought stands charged.  The indictable offences are punishable by more than one-year imprisonment.

Owen Athelbert Headley is presently located at 2655 Dorson Way, Delray Beach, Florida.

The Prosecuting Attorney is Erica Whitford, Counsel, Ministry of the Attorney General of Ontario, telephone 416-326-0092.

The Police Contact in Canada is Detective Sheldon Langlois, Peel Regional Police Service.

The Embassy of Canada avails itself of this opportunity to renew to the Department of State the assurances of its highest consideration.

WASHINGTON, D.C.

May 7, 2018



Embassy of the United States of America

Certificate to [ ] attached to Documentary Evidence Accompanying
Re[ ]ions in the United States for Extradition

[ ]MERICAN FOREIGN SERVICE

Ottawa, Canada, May 4, 2018

I, Elizabeth Kay [ ]yfield, Chargé d'Affaires of the United States of
America at Otta[ ] Can[ ], hereby certify that the annexed papers, being
authenticated s[ ]rti[ ]documents proposed to be used upon an application for
the extradition [ ]om t[ ]United States of Owen Athelbert HEADLEY, who stands
charged in the [ ]vinc[ ]f Ontario with one count of sexual assault, contrary to
section 271 of [ ]e Cri[ ]al Code, on one count of incest, contrary to section
155(2) of the [ ]minal [ ]de, and one count of sexual exploitation, contrary to
section 153(1)[ ] of t[ ]Criminal Code, are properly and legally authenticated
so as to entit[ ] them [ ]be received in evidence for similar purposes by the
tribunals of [ ]da, a[ ]equired by Title 18, United States Code, Section 3190.

In witn[ ] wher[ ] I hereunto sign my name and cause my seal of office to
be affixed th[ ] 4th [ ]y of May, 2018.

Elizabeth Kay Mayfield
Chargé d'Affaires of the
United States of America

EX-HEADLEY-00006



Department of Justice     Ministère de la Justice
Canada                    Canada

Ottawa, Canada
K1A 0H8

## CERTIFICATE OF AUTHENTICATION

IN THE MATTER OF the request for the extradition of
**Owen Athelbert HEADLEY** from the United States of America
to Canada

I, Cathy Chalifour, Senior Counsel, International Assistance Group,
Department of Justice of Canada, do hereby certify:

THAT attached to this Certificate is authenticated documentation presented
by Canada in support of the request for the extradition **Owen Athelbert
HEADLEY**, who stands charged in the Province of Ontario with one count of
sexual assault, contrary to section 271 of the *Criminal Code*, one count of
incest, contrary to section 155(2) of the *Criminal Code*, and one count of
sexual exploitation, contrary to section 153(1)(a) of the *Criminal Code*.

THAT the documentation attached to this certificate is composed of:

-       the Affidavit of Law of Erica Whitford, Prosecutor, Ministry of the
        Attorney General of Ontario; to which is appended:

        -       as appendix "A", a certified true copy of the Information, sworn
                by Justice of the Peace J. Farnum on September 18, 2017; and

        -       as appendix "B", a certified true copy of the warrant for the
                arrest issued by Justice of the Peace J. Farnum, on September
                18, 2017; and

-       the Affidavit of Fact of Detective Sheldon Langlois, peace officer with
        the Peel Regional Police.

THAT Rebecca Schwartz, whose original signature appears at the end of the
Affidavit of Erica Withford, is a Barrister and Solicitor & a Commissioner of
Oaths for the Province of Ontario, having been duly commissioned and duly
authorized by the laws thereof to administer oaths and to take affidavits
within the said Province.



EX-HEADLEY-00007

Department of Justice
Canada

Ottawa, Canada
K1A 0H8

Ministère de la Justice
Canada

- 2 -

THAT Linda Barbara Swinnerton, whose original signature appears at the end of the Affidavit of Detective Sheldon Langlois, is a Commissioner of Oaths for the Province of Ontario, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said Province.

The Seal of the Minister of Justice of Canada is hereby affixed this 3ʳᵈ day of May, 2018.

Cathy Chalifour

EX-HEADLEY-00008

| | | |
|---|---|---|
| **CANADA** | ) | **HER MAJESTY THE QUEEN** |
| | ) | |
| **PROVINCE OF ONTARIO** | ) | **v.** |
| | ) | |
| **TORONTO REGION** | ) | **OWEN HEADLEY** |

**IN THE MATTER of a request by Canada for the extradition of Owen HEADLEY from the United States of America with respect to offences under the *Criminal Code* of Canada.**

---

## AFFIDAVIT OF ERICA WHITFORD

---

I, **Erica Whitford**, of the City of Toronto, in the Toronto Region, in the Province of Ontario, Canada, **MAKE OATH AND SAY AS FOLLOWS:**

### 1.   QUALIFICATIONS

1.     I am a citizen of Canada.  I reside in the City of Toronto in the Province of Ontario, Canada. I received a Bachelor of Laws degree from Osgoode Hall Law School in June 2016 and was called to the Bar of the Province of Ontario in June 2017.  Since then, I have been a member in good standing of the Law Society of Upper Canada and, as such, I am entitled to practice law as a barrister and solicitor in the Province of Ontario.

2.     From July 2017 until the present time, I have practiced law in the employment of the Ministry of the Attorney General for the Province of Ontario.  During that period I have held the position of Counsel with the Crown Law Office - Criminal of the Ministry of the Attorney General for the Province of Ontario, at the Ministry's offices, located at 720 Bay Street, Toronto, Ontario, Canada.

3.     The Crown Law Office - Criminal is a branch of the Criminal Law Division of the Ministry of the Attorney General for the Province of Ontario.  At present the Crown Law Office - Criminal

- 2 -

is comprised of approximately 90 lawyers, each of whom specialize in criminal law.

4.      The main responsibility of the Crown Law Office - Criminal involves the representation of the Crown in all criminal appeals in indictable matters arising in Ontario.  Such appeals are heard by the Court of Appeal for the Province of Ontario and, in certain cases, by the Supreme Court of Canada.  The Crown Law Office - Criminal also prosecutes serious crimes involving such matters as complex fraud, corruption, and organized crime.  This office also handles other responsibilities relating to the administration of criminal justice in Ontario, including the preparation of material in support of mutual legal assistance requests and applications for the extradition/temporary surrender from foreign jurisdictions, to Canada, of persons who have been charged with criminal offences in Ontario.

5.      From July 2017 until the present time, in my capacity as Counsel in the Crown Law Office – Criminal, I have represented the Crown in criminal matters before the Ontario Court of Justice and the Court of Appeal for Ontario. I have also had carriage of applications under the *Mutual Legal Assistance in Criminal Matters Act* involving Canada and different foreign jurisdictions. As a result of my training and experience, I am knowledgeable about criminal procedure and jurisprudence arising from both the *Criminal Code* of Canada and the common law in Canada.

6.      In this case, I have been in contact with the Acting Deputy Crown Attorney who has carriage of this matter, Kelly Slate, and the police officer in charge of the case, Detective Sheldon Langlois of the Peel Regional Police ("PRP"). I have reviewed all of the materials submitted with this request and I am familiar with the facts of this case.  I have an expertise in criminal law such that I am able to attest to the sufficiency of the case and the jurisdiction in Canada to prosecute these offences.

## 2.      OVERVIEW OF EXTRADITION REQUEST

7.      Canada is seeking the extradition of Owen HEADLEY so that he may face charges of sexual assault, incest, and sexual exploitation, all of which have been laid against him in Ontario, Canada under the *Criminal Code* of Canada.

- 3 -

8.    Under Canadian law, a person is formally charged with a crime when an Information is sworn before a justice (i.e. a Justice of the Ontario Court of Justice or a Justice of the Peace). The charge is formally instituted when a person, usually a peace officer, swears under oath that he or she has reasonable and probable grounds to believe that an accused has committed the offence(s) detailed in the Information. Following the laying of an Information, a warrant for the arrest of the accused person may be issued where the Justice considers that a case for doing so is made out.

9.    In the present case, the charges (sexual assault, incest, and sexual exploitation) were laid against HEADLEY by the swearing of Information No. 011310 by Detective Chris Giles (Badge #1692) of the Peel Regional Police before Justice of the Peace J. Farnum on the 18th day of September, 2017, in the City of Brampton in the Peel Region. Attached hereto as **Exhibit "A"** is a true copy of the Information.

10.    Justice of the Peace Farnum also issued an Arrest Warrant on these charges on September 18, 2017. Attached hereto as **Exhibit "B"** is a true copy of the Warrant for the Arrest of HEADLEY with a date of birth of ███, 1961. The Arrest Warrant is of full force and effect in Canada.

11.    I have reviewed Detective Langlois' affidavit which accompanies this request and the information contained therein identifying HEADLEY as the suspect. I have also reviewed the material Detective Langlois submitted with this request. Accordingly, I am familiar with the summary of the allegations and the police investigation that has taken place in this case. As a result, I verily believe that HEADLEY is charged with sexual assault, incest, and sexual exploitation, all of which stem from HEADLEY's conduct in the early morning of April 21, 2017. I have been informed and I believe that HEADLEY has not yet been arrested in Canada in relation to these charges.

**3.      _CRIMINAL CODE_ PROVISIONS**

12.    The _Criminal Code_ of Canada, Revised Statutes of Canada, 1985, chapter C-46, as amended, is a statute duly enacted by the Parliament of Canada. It contains the law relating to criminal offences for the whole of Canada. It therefore applies to Ontario. The _Criminal Code_ sets

- 4 -

out definitions of offences, the maximum sentences possible for those offences, and sometimes also a minimum sentence that must be imposed for some offences.

13.    Under Canadian law, criminal offences are divided into three categories:

       i)     indictable offences;

      ii)    summary conviction offences; and

    iii)    offences that are, at the election of the prosecution, either indictable or summary conviction.   (These offences are often referred to "hybrid" offences).

14.    Generally speaking, indictable offences are more serious offences carrying more severe penalties whereas summary conviction offences are generally less serious offences that carry less severe penalties.

15.    In this case, the offences of sexual assault and sexual exploitation are hybrid offences and therefore subject to the election of the prosecution as to whether to proceed by indictment or summary conviction.   The Crown has not yet made an election in relation to those charges, however according to Canadian law, hybrid offences are deemed to be indictable until the prosecution makes an election.   The remaining offence of incest is an indictable offence.

16.    The *Criminal Code* contains provisions that codify the offences with which HEADLEY has been charged.   Those provisions, duly enacted and proclaimed into force and as such would be applicable in the event of a trial for the offences, are set out below.

### A.   Sexual Assault – s. 271

17.    Sexual assault is a hybrid offence prohibited by section 271 of the *Criminal Code*.   Where the prosecution proceeds by indictment, the accused is liable to imprisonment for up to ten years.

18.    The offence and prescribed penalty are set out in the *Criminal Code* as follows:

**Sexual assault**

271 Everyone who commits a sexual assault is guilty of

- 5 -

(a) an indictable offence and is liable to imprisonment for a term of not more than 10 years or, if the complainant is under the age of 16 years, to imprisonment for a term of not more than 14 years and to a minimum punishment of imprisonment for a term of one year; or

(b) an offence punishable on summary conviction and is liable to imprisonment for a term of not more than 18 months or, if the complainant is under the age of 16 years, to imprisonment for a term of not more than two years less a day and to a minimum punishment of imprisonment for a term of six months.

19.    Sexual assault is an assault in circumstances of a sexual nature. Assault is defined in section 265 of the *Criminal Code* as follows:

**Assault**

265 (1) A person commits an assault when

(a) without the consent of another person, he applies force intentionally to that other person, directly or indirectly;

(b) he attempts or threatens, by an act or a gesture, to apply force to another person, if he has, or causes that other person to believe on reasonable grounds that he has, present ability to effect his purpose; or

(c) while openly wearing or carrying a weapon or an imitation thereof, he accosts or impedes another person or begs.

**Application**

(2) This section applies to all forms of assault, including sexual assault, sexual assault with a weapon, threats to a third party or causing bodily harm and aggravated sexual assault.

**Consent**

(3) For the purposes of this section, no consent is obtained where the complainant submits or does not resist by reason of

(a) the application of force to the complainant or to a person other than the complainant;

(b) threats or fear of the application of force to the complainant or to a person other than the complainant;

(c) fraud; or

(d) the exercise of authority.

**Accused's belief as to consent**

- 6 -

(4) Where an accused alleges that he believed that the complainant consented to the conduct that is the subject-matter of the charge, a judge, if satisfied that there is sufficient evidence and that, if believed by the jury, the evidence would constitute a defence, shall instruct the jury, when reviewing all the evidence relating to the determination of the honesty of the accused's belief, to consider the presence or absence of reasonable grounds for that belief.

20.    In order the prove this offence, the prosecution must establish that (i) the accused intentionally applied force to the victim (force may be violent or gentle), (ii) the victim did not consent to the force that the accused intentionally applied, (iii) the accused knew that the victim did not consent to the force that he intentionally applied, and (iv) the force that the accused applied took place in circumstances of a sexual nature. Consent involves the victim's state of mind. The circumstances surrounding the application of force are relevant to the victim's state of mind and whether or not she consented to the contact. The *mens rea* (mental element) of this offence is that the accused knew that the victim did not consent to the force that he applied, either by his actual knowledge, recklessness (the accused was aware there was a risk that the victim did not consent, but went ahead anyway, not caring if she consented or not), or wilful blindness (the accused knew that he should inquire into whether the victim consented to the application of force but did not make that inquiry because the accused did not want to know the truth of that consent).

### B.  Incest - s. 155(2)

21.    Incest is an indictable offence where an accused has sexual intercourse with a certain type of blood relative, such as a biological child. It is prohibited by section 155(2) of the *Criminal Code*. Upon conviction, HEADLEY would be liable to imprisonment for 14 years.    The applicable sections of the *Criminal Code* read as follows:

**Incest**

155 (1) Every one commits incest who, knowing that another person is by blood relationship his or her parent, child, brother, sister, grandparent or grandchild, as the case may be, has sexual intercourse with that person.

**Punishment**

(2) Everyone who commits incest is guilty of an indictable offence and is liable to imprisonment for a term of not more than 14 years and, if the other person is under the age of 16 years, to a minimum punishment of imprisonment for a term of five years.

- 7 -

**Defence**

(3) No accused shall be determined by a court to be guilty of an offence under this section if the accused was under restraint, duress or fear of the person with whom the accused had the sexual intercourse at the time the sexual intercourse occurred.

22.     The offence of incest requires that sexual intercourse occur between the accused and another person whom the accused knows is one of the blood relations specified in subsection (1). Subsection (3) prevents a finding of guilt in circumstances where the accused was in fear of the relative involved, or under restraint or duress when the intercourse took place.

23.     The term "sexual intercourse" has been defined by the *Criminal Code* as follows:

**Sexual intercourse**

4 (5) For the purposes of this Act, sexual intercourse is complete on penetration to even the slightest degree, notwithstanding that seed is not emitted.

## C.  Sexual Exploitation – s. 153(1)(a)

24.     The offence of sexual exploitation is a hybrid offence prohibited by section 153(1) of the *Criminal Code*.  Where the prosecution proceeds by indictment, the accused is liable to a term of imprisonment not exceeding 14 years.  The applicable sections of the *Criminal Code* read as follows:

**Sexual exploitation**

153 (1) Every person commits an offence who is in a position of trust or authority towards a young person, who is a person with whom the young person is in a relationship of dependency or who is in a relationship with a young person that is exploitative of the young person, and who

(a) for a sexual purpose, touches, directly or indirectly, with a part of the body or with an object, any part of the body of the young person; or

(b) for a sexual purpose, invites, counsels or incites a young person to touch, directly or indirectly, with a part of the body or with an object, the body of any person, including the body of the person who so invites, counsels or incites and the body of the young person.

**Punishment**

(1.1) Every person who commits an offence under subsection (1)

(a) is guilty of an indictable offence and is liable to imprisonment for a term of not more than 14 years and to a minimum punishment of imprisonment for a term of one year; or

- 8 -

(b) is guilty of an offence punishable on summary conviction and is liable to imprisonment for a term of not more than two years less a day and to a minimum punishment of imprisonment for a term of 90 days.

**Inference of sexual exploitation**

(1.2) A judge may infer that a person is in a relationship with a young person that is exploitative of the young person from the nature and circumstances of the relationship, including

(a) the age of the young person;

(b) the age difference between the person and the young person;

(c) the evolution of the relationship; and

(d) the degree of control or influence by the person over the young person.

**Definition of young person**

(2) In this section, young person means a person 16 years of age or more but under the age of eighteen years.

25. The offence of sexual exploitation is predicated upon either the accused being in a position of trust toward the young complainant, or the young complainant being in a relationship of dependency with the accused, or being in a relationship with the young person that is exploitative of the young person. If one of those relationships exist, and the accused sexually touches the young person or invites the young person to sexually touch another person, including the accused, then the offence is committed. Subsection (2) provides that a "young person" is a person between 16 and 17 years old.

**4.    NO APPLICABLE LIMITATION PERIODS IN THIS CASE**

26. In Canada there is no statutory limitation period of general application in respect of indictable offences, meaning that in the absence of a specific statutory provision to the contrary, the initiation of a prosecution for an indictable offence is not barred by the passage of time.

**5.    OPINION**

27. In Canada, in order to find an accused guilty of an offence contrary to the *Criminal Code*, the trier of fact must be satisfied that the guilt of the accused has been established beyond a

- 9 -

reasonable doubt.

28.     I have carefully reviewed the charging document and the arrest warrant issued in relation to the charges (**Exhibits A and B**).   I have also reviewed the affidavit of Det. Langlois and all of the information that has been provided to me in connection with this request.   In my opinion, the evidence disclosed in the affidavit of Det. Langlois establishes a *prima facie* case that HEADLEY is guilty of sexual assault, incest, and sexual exploitation in relation to the victim, the accused's biological daughter. That is to say, a reasonable jury, properly instructed in the law could, on that evidence, find beyond a reasonable doubt that HEADLEY is guilty of these offences.

29.     More specifically, the information set out in the Affidavit of Det. Langlois amply supports the finding that HEADLEY committed sexual assault. HEADLEY and the victim, his daughter, flew to Brampton, Ontario from the United States in order to attend a family wedding. They shared a hotel room together. Surveillance footage from the hotel lobby captures HEADLEY checking into the hotel and bill receipts confirm HEADLEY and the victim were present at the hotel on April 21, 2017. On the early morning of April 21, 2017, HEADLEY and the victim were in their shared hotel room. HEADLEY asked the victim to lay with him in his bed. When she did so, HEADLEY told the victim he loved and fondled her breasts under her shirt. HEADLEY removed the victim's pants and underwear and fondled the victim's vaginal area. HEADLEY then forced the victim's legs open and had vaginal intercourse with her, until he ejaculated on her leg. As noted in Det. Langlois' affidavit, the victim did not consent to this activity. At no point during the encounter did HEADLEY inquire about the victim's consent, meaning that the accused either knew she was not consenting or was reckless or wilfully blind to the fact that the sexual contact was unwanted.

30.     The evidence also establishes the offence of incest. HEADLEY had sexual intercourse with the victim, who is HEADLEY'S biological daughter. HEADLEY was aware of their blood relationship and was not under any restraint, duress or fear at the time of the sexual intercourse.

31.     With respect to sexual exploitation, the information set out in Det. Langlois' affidavit supports the finding that HEADLEY sexually exploited the victim. The victim was 17 years old at the time of the offences and qualifies as a "young person" for the purpose of this offence. As the

- 10 -

victim's biological father, HEADLEY was in a position of trust toward the victim. Similarly, the victim was in a relationship of dependency with HEADLEY. In a videotaped statement provided to the Anoke County Sheriff's office in Minnesota, the victim told police that the reason she did not immediately disclose the incident was because she was scared that HEADLEY would leave her in Canada, as he was paying for her accommodations and airfare home. She was also worried that disclosing the encounter would ruin HEADLEY'S life since he is a teacher, and could change how the other side of the family interacts with HEADLEY.

32.    I am also of the opinion that these offences are properly triable in the Province of Ontario, and that the criminal courts in the Province of Ontario have jurisdiction to try HEADLEY for these offences.

33.    The offences for which HEADLEY has been charged are not of a political character. I am also of the opinion that the charges have not been laid against HEADLEY for the purpose of prosecuting him on account of his race, tribe, nationality, religion, sex or political opinion, and that, if returned to Canada, he will not be prejudiced by reason of his race, tribe, nationality, religion, sex or political opinion.

34.    Extradition is sought and, if successful, the Crown will proceed with the prosecution of HEADLEY for the aforementioned criminal offences.

35.    This affidavit is made in good faith in support of a request by Canada for the extradition of HEADLEY with respect to the alleged offences, and for no improper purpose.

**SWORN BEFORE ME** at the City    )
of Toronto in the Toronto Region    )
in the Province of Ontario, Canada,    )
this 16th day of April, 2018.    )
   )    **Erica Whitford**

Barrister & Solicitor
& Commissioner of Oaths
Rebecca Schwartz

HER MAJESTY THE QUEEN

v.

Owen HEADLEY

IN THE MATTER of a request by Canada for the extradition of Owen HEADLEY from the United States of America with respect to offences under the *Criminal Code* of Canada.

---

## AFFIDAVIT OF ERICA WHITFORD

---

MINISTRY OF THE ATTORNEY
GENERAL FOR THE PROVINCE OF
ONTARIO
Crown Law Office - Criminal
720 Bay Street, 10th Floor
TORONTO, Ontario
M7A 2S9

This is <u>Exhibit "A"</u> to the
affidavit of Erica Whitford
sworn before me on the
16th Day of April, 2018

Commissioner of Oaths

Next Court Date (YYYY-MM-DD)
WARRANT

OIC
GILES

Badge No
1692

Occurrence No
PR170178985 .180

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*
**Central West / Centre-Ouest**

(Region / *Région*)

Information of _____   *C. Giles*   011310
*Dénonciation de :*
of **Peel Regional Police**                    **Peace Officer**
*de*                                            (occupation / *profession*)

The informant says that **he/she** believes on reasonable grounds that
*Le dénonciateur déclare qu'il a des motifs raisonnables de croire que*

Owen HEADLEY      2655 DORSON WY, DELRAY BEACH, FL United States of America        1961▮▮

(date of birth / *date de naissance*)

(1)   **on or about the / le ou vers le  21st** day of / *jour de* April , 2017

at the **City** _____ of **Brampton** _____ in the said region,
*à(au)*                    *de*                        *dans ladite région*

**(1) did commit a sexual assault on** ▮▮▮▮▮▮▮ **-HEADLEY**

**Contrary to section 271 of the Criminal Code of Canada**

**(2) AND FURTHER THAT Owen HEADLEY**
**on or about the 21st day of April, 2017 at the City of Brampton in the said region, did have sexual intercourse with** ▮▮▮
▮▮▮**-HEADLEY while knowing that** ▮▮▮▮▮▮▮**-HEADLEY was his daughter**

**Contrary to Section 155(2) of the Criminal Code of Canada**

**(3) AND FURTHER THAT Owen HEADLEY**
**on or about the 21st day of April, 2017 at the City of Brampton in the said region, being in a position of trust or authority**
**towards** ▮▮▮▮▮▮▮**-HEADLEY a young person, did for a sexual purpose touch directly or indirectly  the body of**
▮▮▮▮▮▮▮**-HEADLEY  a young person with a part of his body**

**Contrary to Section 153(1)(a) of the Criminal Code of Canada**

This is to certify this document
is a true and accurate copy of the
original

Court Clerk

(Long Form – One or More Accused. / *Formule intégrale – Un ou plusieurs acc.*)
CCO-2-000-4 (rev. 09/13) CSD
Information Long (Adult)
Jul/17

☐ Language Notification Issued / *Langue de notification*
☐ Interpreter / *Interprète*

## APPEARANCES – ADJOURNMENTS
### *COMPARUTIONS – AJOURNEMENTS*

Page "A"

| Date / *Date* | Accused / *Accusé(e)* | Adjournment / *Ajournement* | Parties Consent / *Consentement des parties* | Appearance Details / *Détails de la comparution* | Reason for Adjournment / *Raison de l'ajournement* | Counsel as Agent / *Avocat(e) mandataire* | Fails to Appear / *Omet de comparaître* | Bench Warrant / *Mandat du tribunal* | Discretion / *Discrétion* | Certificate of Default / *Certificat de défaut* |
|------|------|------|------|------|------|------|------|------|------|------|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| Date / *Date* | Clerk / *Greffier* | Reporter / *Sténographe* | For Crown / *Pour la Couronne* | For Accused / *Pour l'accusé(e)* | Justice's Initials / *Initiales du juge* |
|------|------|------|------|------|------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Accused / *Accusé(e)*

Notice Given Under H.T.A.
*Avis en vertu du Code de la route*   ☐ Suspension / *Suspension*   ☐ Impoundment / *Mise en fourrière*

**Accused / *Accuse(e)*:** _____

515(9.1) Detained in custody primarily because of a previous conviction   Yes ☐   No ☐   Date: _____
*Détention sous garde fondée principalement sur une condamnation antérieure*   *Oui*   *Non*   *Date:* _____
Confirmed and initialled by the Judge/Justice of the Peace in the appropriate box above /
*Confirmé et paraphé par un(e) juge/juge de paix dans la case appropriée ci-haut*

At the Bail Review dated: _____, 515(9.1) was   ☐ confirmed   ☐ rescinded   ☐ made (see application)
*Au moment de la révision du cautionnement, le :* ___, 515 (9.1) a été   *confirmé*   *révoqué*   *exécuté (voir la requête)*

**Accused / *Accuse(e)*:** _____

515(9.1) Detained in custody primarily because of a previous conviction   Yes ☐   No ☐   Date: _____
*Détention sous garde fondée principalement sur une condamnation antérieure*   *Oui*   *Non*   *Date:* _____
Confirmed and initialled by the Judge/Justice of the Peace in the appropriate box above /
*Confirmé et paraphé par un(e) juge/juge de paix dans la case appropriée ci-haut*

At the Bail Review dated: _____, 515(9.1) was   ☐ confirmed   ☐ rescinded   ☐ made (see application)
*Au moment de la révision du cautionnement, le :* ___, 515 (9.1) a été   *confirmé*   *révoqué*   *exécuté (voir la requête)*

**Accused / *Accuse(e)*:** _____

515(9.1) Detained in custody primarily because of a previous conviction   Yes ☐   No ☐   Date: _____
*Détention sous garde fondée principalement sur une condamnation antérieure*   *Oui*   *Non*   *Date:* _____
Confirmed and initialled by the Judge/Justice of the Peace in the appropriate box above /
*Confirmé et paraphé par un(e) juge/juge de paix dans la case appropriée ci-haut*

At the Bail Review dated: _____, 515(9.1) was   ☐ confirmed   ☐ rescinded   ☐ made (see application)
*Au moment de la révision du cautionnement, le :* ___, 515 (9.1) a été   *confirmé*   *révoqué*   *exécuté (voir la requête)*

EX-HEADLEY-00022

n before me at the **City**
aré sous serment devant moi à(au)

/ de **Brampton**

in the Province of Ontario / *dans la province de l'Ontario*

this _18_ day of **September** , 20 **17**
ce          *jour de*

Informant / *Dénonciateur*

His Worship John Farnum
Judge De Paix
Justice
Justice of the Peace / *Juge de paix* for Ontario
In and for the province of Ontario

- [ ] Appearance Notice
      *Citation à comparaître*
- [ ] Promise to Appear
      *Promesse de comparaître*
- [ ] Recognizance
      *Engagement*

for _____ , 20 _____
pour le          (day, month / *jour, mois*)

**CHECK ONE OF THE FOLLOWING / *COCHEZ LA CASE QUI DÉCRIT VOTRE SITUATION***

- [ ] Cancelled - Police to notify defendant
      *Annulé(e) – La police informera la partie défenderesse*
- [ ] Cancelled - Summons
      *Annulé(e) – Sommation*
- [ ] Confirmed on
      *Confirmé(e) le*          (day, month / *jour, mois*) , 20 _____

- [ ] Cancelled - Warrant issued
      *Annulé(e) – Mandat délivré*

Justice of the Peace / *Juge de paix*

Justice of the Peace / *Juge de paix*          (day, month / *jour, mois*) , 20 _____

- [ ] Publication ban pursuant to
      *Interdiction de publication en vertu de*

| Date / *Date* | Crown Elects to Proceed / *Choix de la Couronne* | | | | |
|---|---|---|---|---|---|
| | | [ ] Summarily / *Procédure sommaire* | [ ] By Indictment / *Acte d'accusation* | [ ] Summary Conviction Offence(s) / *Infraction(s) punissable(s) sur déclaration de culpabilité par procédure sommaire* | [ ] Indictable Offence(s) / *Infraction(s) punissable(s) par mise en accusation* |

| Date / *Date* | Accused / *Accusé(e)* | Elects Trial by / *Choix d'un procès devant* | | | Preliminary Hearing Requested / *Enquête préliminaire demandée* | | Justice's Initials / *Initiales du juge* | Abs. Juris. Comp. absolue | Pleads / *Plaidoyer* | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Superior Court / *Cour supérieure* | | Ontario Court / *Cour de l'Ontario* | Yes Oui | No Non | | | Guilty to Counts / *Coupable pour les chefs d'accusation* | Not Guilty to Counts / *Non coupable pour les chefs d'accusation* |
| | | Judge / *Juge* | Judge & Jury / *Juge et jury* | Judge On Counts / *Juge pour les chefs d'accusation* | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| Date / *Date* | Accused / *Accusé(e)* | Committed (or) Ord. Std. Trial *On Counts / *Interné(e) (ou) renvoyé(e) à son procès * pour les chefs d'accusation* | Discharged on Counts / *Libéré(e) pour les chefs d'accusation* | Found Guilty on Counts / *Reconnu(e) coupable pour les chefs d'accusation* | Not Guilty on Counts / *Non coupable pour les chefs d'accusation* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

This is to certify this document is a true and accurate copy of the original

- [ ] * With consent of accused and prosecutor, without taking or recording
      *Avec le consentement de l'accusé(e) et du poursuivant sans recueillir ou consigner*
- [ ] (a) any evidence (or)
      *a) de preuve (ou)*
- [ ] (b) further evidence
      *b) de preuve supplémentaire*

- [ ] Victim Surcharge $ _____
      *Suramende compensatoire*          Time to Pay
                                         $ *Délai de paiement*

Judge / *Juge*

:CO-2-000-4 (rev. 09/13) CSD
Information Long (Adult)
ul/17

| No. of Information / *Nº de la dénonciation* | No. of Information / *Nº de la dénonciation* | No. of Information / *Nº de la dénonciation* |
|---|---|---|
| Return Date / *Date à laquelle le document est rapporté*<br>, 20 | Return Date / *Date à laquelle le document est rapporté*<br>, 20 | Return Date / *Date à laquelle le document est rapporté*<br>, 20 |

**INFORMATION Against / *DÉNONCIATION visant***
Owen HEADLEY

Address / *Adresse*
**2655 DORSON WY, DELRAY BEACH, FL United States of America**

CHARGE / *ACCUSATION*
1) Sexual Assault, s. 271 cc
2) Incest, s. 155 cc
3) Sexual Exploitation, s. 153 cc

**INFORMATION Against / *DÉNONCIATION visant***

Address / *Adresse*

CHARGE / *ACCUSATION*

**INFORMATION Against / *DÉNONCIATION visant***

Address / *Adresse*

CHARGE / *ACCUSATION*

---

**FOR ADMINISTRATIVE PURPOSES ONLY**
*À DES FINS ADMINISTRATIVES SEULEMENT*

| ☐ Summons *Sommation* | ☐ Show Cause *Audience de justification* | ☐ Warrant 1st *Mandat en 1re instance* | ☐ Re-laid Information *Dénonciation déposée de nouveau* |
|---|---|---|---|

☐ Reportable M.V. Offence (*H.T.A.* 199) *Infraction V.M. à déclarer (Code de la route 199)* | C.V.O.R. No (Commercial Vehicles Only) *Numéro C.E.C.V.U. (véhicules utilitaires seulement)*

| Sex *Sexe* | Birth Date / *Date de naissance* | | | Was defendant owner? *La partie défenderesse était-elle propriétaire?* |
|---|---|---|---|---|
| | Year / *Année* | Month / *Mois* | Day / *Jour* | |
| M | 1961 ▓ | | | ☐ Yes / *Oui*   ☐ No / *Non* |

Driver's License Number / *Numéro du permis de conduire*

Plate No. / *Numéro de plaque* | ☐ Involves a Collision *Infraction reliée à un accident*

Informant *Dénonciateur*

Date Sworn *Date d'assermentation*

Officer / *Agent de police*   **GILES** | No. / *Nº*   **1672**

Div.   **180 Derry** | Dist.

Courtroom / *Salle d'audience*

At / *À(Au)*   **7755 Hurontario St., Brampton**

---

**FOR ADMINISTRATIVE PURPOSES ONLY**
*À DES FINS ADMINISTRATIVES SEULEMENT*

| ☐ Summons *Sommation* | ☐ Show Cause *Audience de justification* | ☐ Warrant 1st *Mandat en 1re instance* | ☐ Re-laid Information *Dénonciation déposée de nouveau* |
|---|---|---|---|

☐ Reportable M.V. Offence (*H.T.A.* 199) *Infraction V.M. à déclarer (Code de la route 199)* | C.V.O.R. No (Commercial Vehicles Only) *Numéro C.E.C.V.U. (véhicules utilitaires seulement)*

| Sex *Sexe* | Birth Date / *Date de naissance* | | | Was defendant owner? *La partie défenderesse était-elle propriétaire?* |
|---|---|---|---|---|
| | Year / *Année* | Month / *Mois* | Day / *Jour* | |
| | | | | ☐ Yes / *Oui*   ☐ No / *Non* |

Driver's License Number / *Numéro du permis de conduire*

Plate No. / *Numéro de plaque* | ☐ Involves a Collision *Infraction reliée à un accident*

Informant *Dénonciateur*

Date Sworn *Date d'assermentation*

Officer / *Agent de police* | No. / *Nº*

Div. | Dist.

Courtroom / *Salle d'audience*

At / *À(Au)*   **7755 Hurontario St., Brampton**

---

**FOR ADMINISTRATIVE PURPOSES ONLY**
*À DES FINS ADMINISTRATIVES SEULEMENT*

| ☐ Summons *Sommation* | ☐ Show Cause *Audience de justification* | ☐ Warrant 1st *Mandat en 1re instance* | ☐ Re-laid Information *Dénonciation déposée de nouveau* |
|---|---|---|---|

☐ Reportable M.V. Offence (*H.T.A.* 199) *Infraction V.M. à déclarer (Code de la route 199)* | C.V.O.R. No (Commercial Vehicles Only) *Numéro C.E.C.V.U. (véhicules utilitaires seulement)*

| Sex *Sexe* | Birth Date / *Date de naissance* | | | Was defendant owner? *La partie défenderesse était-elle propriétaire?* |
|---|---|---|---|---|
| | Year / *Année* | Month / *Mois* | Day / *Jour* | |
| | | | | ☐ Yes / *Oui*   ☐ No / *Non* |

Driver's License Number / *Numéro du permis de conduire*

Plate No. / *Numéro de plaque* | ☐ Involves a Collision *Infraction reliée à un accident*

Informant *Dénonciateur*

Date Sworn *Date d'assermentation*

Officer / *Agent de police* | No. / *Nº*

Div. | Dist.

Courtroom / *Salle d'audience*

At / *À(Au)*   **7755 Hurontario St., Brampton**

---

CCO-2-000-4 (rev. 09/13) CSD
Information Long (Adult)

This is <u>Exhibit "B"</u> to the
affidavit of Erica Whitford
sworn before me on the
16th Day of April, 2018

_____
Commissioner of Oaths

EX-HEADLEY-00025

4541289

## WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING-HOUSE
### *MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER*
### *DANS UNE MAISON D'HABITATION*

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

**Form / *Formule* 7**
Sections / *Articles* 475, 493, 597, 800, and / *et* 803
of the *Criminal Code* / *du Code criminel*

**Central West / Centre-Ouest**   To the peace officers in the said Region and in the Province of Ontario:
(Region / *Région*)   *Aux agents de la paix dans ladite région et dans la province de l'Ontario :*

**PR170178985**
Case/File No. / *N° du cas/dossier*

This warrant is issued for the arrest of   **HEADLEY, OWEN (Male)**
*Le présent mandat est décerné pour l'arrestation de*

**1961/**
(date of birth / *date de naissance*)

_____ , of the   **City**   of   **Brampton** _____
(occupation / *profession*)   *du(de la)*   *de*

in the   **Region** _____ of   **Peel** _____ , hereinafter called the accused.
*dans le(la)*   *de*   *ci-après appelé(e) le prévenu.*

**WHEREAS** the accused has been charged that / *ATTENDU QUE le prévenu a été inculpé d'avoir,*

he/she, on or about the / *le ou vers le* 21st day of / *jour de* April / *avril*, yr. / *an* 2017

at the   **City** _____ of   **Brampton** _____ , in the said Region
*a(au)*   *de*   *dans ladite région,*

(set out briefly the offence in respect of which the accused is charged / *indiquer brièvement l'infraction dont le prévenu est inculpé*)

**(1) Sexual Assault CC 271 2017/04/21 (2) Incest CC 155(2) 2017/04/21 (3) Sexual Exploitation CC 153(1)(a) 2017/04/21**

**AND WHEREAS: ***
***ET ATTENDU QUE : ***

(a) there are reasonable grounds to believe that it is necessary in the public interest to issue this warrant for the arrest of the accused (507(4), 512(1));
*il existe des motifs raisonnables de croire qu'il est nécessaire dans l'intérêt public de décerner ce mandat pour l'arrestation du prévenu (507(4); 512(1));*

(b) the accused failed to attend court in accordance with the summons served on him/her (512(2));
*le prévenu a omis d'être présent au tribunal en conformité avec la sommation qui lui a été signifiée (512(2));*

(c) (an appearance notice or a promise to appear or a recognizance entered into before an officer in charge) was confirmed and the accused failed to attend court in accordance therewith (512(2));
*(une citation à comparaître ou une promesse de comparaître ou un engagement contracté devant un fonctionnaire responsable) a été confirmé(e) et le prévenu a omis d'être présent au tribunal en conformité avec cette citation ou promesse de comparaître ou cet engagement (512(2));*

(d) it appears that a summons cannot be served because the accused is evading service (512(2));
*il semble qu'une sommation ne peut être signifiée car le prévenu se soustrait à la signification (512(2));*

(e) the accused was ordered to be present at the hearing of an application for a review of an order made by a justice and did not attend the hearing (520(5), 521(5));
*il a été ordonné au prévenu de se présenter à l'audience d'une requête pour l'examen d'une ordonnance rendue par un juge et il ne s'y est pas présenté (520(5), 521(5));*

(f) there are reasonable grounds to believe that the accused has contravened or is about to contravene the (summons or appearance notice or promise to appear or undertaking or recognizance) on which he/she was released (524(1), 525(5), 679(6));
*il y a des motifs raisonnables de croire que le prévenu a violé ou est sur le point de violer (sommation ou citation à comparaître ou promesse de comparaître ou une promesse ou un engagement) en raison duquel ou de laquelle il a été mis en liberté (524(1), 525(5), 679(6)),*

(g) there are reasonable grounds to believe that the accused has since his/her release from custody on (any summons or appearance notice or promise to appear or an undertaking or a recognizance) committed an indictable offence (524(1), 525(5), 679(6));
*il y a des motifs raisonnables de croire que, depuis sa mise en liberté sur (toute sommation ou citation à comparaître ou promesse de comparaître ou une promesse ou un engagement), le prévenu a commis un acte criminel (524(1), 525(5), 679(6));*

* Initial applicable recital.
*  Parapher l'attendu qui s'applique.*

CCO-7-475-1 (rev 03/10) / Warrant for Arrest (Adult)
Ap/17

WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING-HOUSE
*MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION*
Form / Formule 7
Sections / Articles 475, 493, 597, 800, and / et 803
of the *Criminal Code / du Code criminel*

## AUTHORIZATION TO ENTER A DWELLING-HOUSE
## *AUTORISATION POUR ENTRER DANS UNE MAISON D'HABITATION*

[And where applicable] Whereas there are reasonable grounds to believe that the accused is or will be present in
*[S'il y a lieu] Attendu qu'il y a des motifs raisonnables de croire que le prévenu se trouve ou se trouvera dans*
(here describe dwelling-house / décrire ici la maison d'habitation)

This warrant is also issued to authorize you to enter the dwelling-house for the purpose of arresting or apprehending the accused at any time
*Le présent mandat est également décerné pour vous autoriser à entrer dans la maison d'habitation en vue d'arrêter ou d'appréhender le*

between the hour of _____, on the _____ day of _____, yr. _____
*prévenu à tout moment entre*                  *h*                    *jour de*                               *an*

and the hour of _____, on the _____ day of _____, yr. _____
*et*                               *h*                    *jour de*                               *an*

subject to the condition that you may not enter the dwelling-house unless you have, immediately before entering the dwelling-house, reasonable grounds to believe that the person to be arrested or apprehended is present in the dwelling-house.
*Toutefois, vous n'avez pas le droit d'entrer dans la maison d'habitation à moins d'avoir, immédiatement avant d'y entrer, des motifs raisonnables de croire que la personne devant être arrêtée ou appréhendée se trouve dans la maison d'habitation.*

[And where applicable] Whereas there are reasonable grounds to believe that prior announcement of the entry would ***
*[S'il y a lieu] Attendu qu'il y a des motifs raisonnables de croire que le fait de pénétrer dans la maison d'habitation :***

(a) expose the peace officer or any other person to imminent bodily harm or death;
*exposerait l'agent de la paix ou toute autre personne à des lésions corporelles imminentes ou à la mort;*

or / ou

(b) result in the imminent loss or imminent destruction of evidence relating to the commission of an indictable offence.
*entraînerait la perte ou la destruction imminente d'éléments de preuve relatifs à la perpétration d'un acte criminel.*

This warrant is also issued to authorize you to enter the dwelling-house without prior announcement, subject to the condition that you may not enter the dwelling-house without prior announcement unless you have, immediately before entering the dwelling-house, ***
*Le présent mandat est également décerné pour vous autoriser à entrer dans la maison d'habitation sans prévenir. Toutefois, vous n'avez pas le droit d'entrer dans la maison d'habitation sans prévenir à moins d'avoir, immédiatement avant d'y entrer, ***

(a) reasonable grounds to suspect that prior announcement of the entry would expose the peace officer or any other person to imminent bodily harm or death
*des motifs raisonnables de soupçonner que le fait de prévenir de l'entrée dans la maison d'habitation exposerait l'agent de la paix ou toute autre personne à des lésions corporelles imminentes ou à la mort,*

or / ou

(b) reasonable grounds to believe that prior announcement of the entry would result in the imminent loss or imminent destruction of evidence relating to the commission of an indictable offence.
*des motifs raisonnables de croire que le fait de prévenir avant de pénétrer dans la maison d'habitation entraînerait la perte ou la destruction imminente d'éléments de preuve relatifs à la perpétration d'un acte criminel.*

The authorization to enter the dwelling-house for the purpose of arresting or apprehending the accused shall be carried out in accordance with following terms and conditions:
*L'autorisation d'entrer dans la maison d'habitation dans le but d'arrêter ou d'appréhender le prévenu sera exécutée conformément aux conditions suivantes :*
(conditions to be specified / conditions à préciser)

DATED this _18_ day of _09_ yr. _2017_
*FAIT ce*           *jour de*                *an*

at the ____ CITY OF BRAMPTON ____
*à (au )*

of ____ REGION OF PEEL ____
*de*

in the Province of Ontario / *dans la province de l'Ontario*

His Worship John Farnum
Judge De Paix
Justice
in and for the province of Ontario
Judge, or Justice of the Peace / *Juge ou juge de paix*

*** Choose applicable recital.
*Choisir l'attendu qui s'applique.*
CCO-7-475-1 (rev. 03/10) / Warrant for Arrest (Adult)
April/17

WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING-HOUSE
*MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION*
Form / Formule 7
Sections / Articles 475, 493, 597, 800, and / et 803
of the *Criminal Code* / du *Code criminel*

(h) the accused was required by (an appearance notice *or* a promise to appear *or* a recognizance entered into before an officer in charge *or* a summons) to attend at a time and place stated therein for the purposes of the *Identification of Criminals Act* and did not appear at the time and place (502, 510);
*le prévenu devait en vertu (d'une citation à comparaître ou d'une promesse de comparaître ou d'un engagement contracté devant un fonctionnaire responsable ou une sommation) comparaître aux temps et lieu y indiqués aux fins de la Loi sur l'identification des criminels et a omis de comparaître aux temps et lieu ainsi indiqués (502, 510);*

(i) an indictment has been found against the accused and the accused has not appeared or remained in attendance before the court for his/her trial (597);
*un acte d'accusation a été présenté contre le prévenu et celui-ci n'a pas comparu ou n'est pas demeuré présent pour son procès (597);*

(j) **

THIS IS THEREFORE, to command you, in Her Majesty's name, forthwith to arrest the said accused and to bring **him/her** before the
*IL VOUS EST PAR LES PRÉSENTES enjoint, au nom de Sa Majesté, d'arrêter ledit prévenu et de l'amener devant le*
Justice/Judge of the **Ontario Court of Justice\*\*\*** of the said Region or before me or any Justice in and for the said Region, to answer to the said charge.
*juge de paix ou juge président de la      Cour de justice de l'Ontario\*\*\* de ladite région ou devant moi ou tout juge de paix dans et pour ladite région, pour répondre à ladite inculpation.*

DATED this      14      day of   September / septembre        , yr.   2017
*FAIT ce            jour de*                                   *an*

at the   City
*à(au )*

of   Brampton
*de*

in the Province of Ontario / *dans la province de l'Ontario*

His Worship John Farnum
Judge De Paix
_____
Justice
Judge, or Justice of the Peace / *Juge ou juge de paix*
in and for the province of Ontario

** For any case not covered by recitals (a) to (i), insert recital in the words of the statute authorizing the warrant.
*Pour tout cas qui n'est pas couvert par les attendus a) à i), insérez l'attendu en empruntant les termes de la loi autorisant le mandat.*

*** Choose applicable recital.
*Choisir l'attendu qui s'applique.*

CCO-7-475-1 (rev. 03/10) / Warrant for Arrest (Adult)
Apr/17

Form / *Formule* 28
Sections / *Articles* 487 and / *et* 528
of the *Criminal Code* / *du* Code criminel

**ENDORSEMENT OF WARRANT**
*VISA DU MANDAT*
CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

**Central West / Centre-Ouest**
(Region / *Région*)

Pursuant to application this day made to me, I hereby
authorize the arrest of the accused (or defendant)
*Conformément à la demande qui m'est faite aujourd'hui,*
*j'autorise par les présentes l'arrestation du prévenu (ou*
*du défendeur)*

within the
*dans* _____
(Region / *Région*)

Dated this ____ day of _____ , yr. _____
*Fait ce*           *jour de*                        *an*

at the _____ of _____
*à(au)*                          *de*

in the Province of Ontario / *dans la province de l'Ontario*

_____
Judge, or Justice of the Peace / *Juge ou juge de paix*

Form / *Formule* 29
Section / *Article* 499 and / *et*
subsection / *paragraphe* 507(6)
of the *Criminal Code* / *du* Code criminel

**ENDORSEMENT OF WARRANT**
*VISA DU MANDAT*
CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

**Central West / Centre-Ouest**
(Region / *Région*)

Whereas this warrant is issued in respect of an offence
other than an offence mentioned in section 522 of the
*Criminal Code*, I hereby authorize the release of the
accused pursuant to section 499 thereof.
*Attendu que le présent mandat est décerné relativement*
*à une infraction autre qu'une infraction mentionnée à*
*l'article 522 du* Code criminel, *j'autorise par les présentes*
*la mise en liberté du prévenu conformément à l'article*
*499 mentionné ci-dessus.*

Dated this ____ day of _____ , yr. _____
*Fait ce*           *jour de*                        *an*

at the _____ of _____
*à(au)*                          *de*

in the Province of Ontario / *dans la province de l'Ontario*

_____
Judge, or Justice of the Peace / *Juge ou juge de paix*

CCO-7-475-1 (rev. 03/10) / Warrant for Arrest (Adult)

EX-HEADLEY-00030

| CANADA | ) | HER MAJESTY THE QUEEN |
| | ) | |
| PROVINCE OF ONTARIO | ) | v. |
| | ) | |
| CENTRAL WEST REGION | ) | OWEN HEADLEY |

IN THE MATTER of a request by Canada for the extradition of Owen Headley from the United States of America with respect to offences under the *Criminal Code* of Canada.

---

## AFFIDAVIT OF SHELDON LANGLOIS

---

I, **Sheldon LANGLOIS**, of the City of Mississauga, in the Province of Ontario, Canada, **MAKE OATH AND SAY AS FOLLOW:**

## INTRODUCTION

1.     I am a police officer with the Peel Regional Police Service (PRP). I hold the rank of Detective. I have been employed by PRP since July, 1999. Since then, I have worked in the Uniform Patrol Bureau, Neighbourhood Policing Unit, Criminal Investigations Bureau, Homicide and Missing Persons Bureau and the Special Victim's Unit which is where I am presently assigned at 180 Derry Road East, Mississauga. The Special Victim's Unit is a bureau within the Peel Regional Police whose mandate is to investigate sexual assaults, as defined in the Ontario Major Case Management Manual, and to investigate all allegations of child abuse and neglect.

2.     I am one of the investigating officers in this matter. As such, I have personal knowledge except where I have indicated that my knowledge is based on information and belief, in which case I believe such information to be true.

## B.     THE CHARGES

3.     Canada is seeking the extradition of Owen HEADLEY so that he may be prosecuted on the following charges:

Sexual Assault contrary to section 271 of the *Criminal Code of Canada*;

1

Incest contrary to section 155(2) of the *Criminal Code of Canada*;

Sexual Exploitation contrary to section 153(1)(a) of the *Criminal Code of Canada.*

4.      These charges stem from an incident committed in the City of Brampton, a City within the Region of Peel, in the Province of Ontario, Canada against ████████-HEADLEY, the biological daughter of Owen HEADLEY. The incident occurred during a visit to Canada. The matter was reported to authorities in the United States shortly after the victim returned home to Minnesota. The American authorities subsequently alerted the PRP of the incident, and charges were laid in Canada.

## C.   SUMMARY OF ALLEGATIONS

5.      On January 26th, 2018 I reviewed the video statement of ████████-HEADLEY (████ ") provided to Detective Chris JOHNSON of the Anoka County Sheriff's Office, Minnesota, United States of America ("USA"), on May 21st, 2017 and learned the following:



a)  ████ was born on the ██ of ████ 1999 and was 17 years old at the time of the incident. ████ resides in Coon Rapids Minnesota, USA, with her mother, Rochelle HARRIS. Her biological father is Owen HEADLEY and he resides at 2655 Dorson Way, Delray Beach Florida.

b)  On April 19th, 2017, ████ flew from Minnesota to Florida to meet with her father.  On April 20th 2017, ████ and HEADLEY flew to Canada on the same flight to attend her uncle's wedding.  Her uncle is the brother of her father.   They arrived at approximately 1:00 AM on April 21st, 2017, via Pearson International Airport and then checked into room 212 at the Monte Carlo hotel located at 45 Conventry Road, Brampton, Ontario.   There were two queen sized beds in the room and ████ was in her bed.  After they turned out the lights to go to bed, HEADLEY asked ████ to come over to his bed to give him a goodnight hug, he then asked her to lie with him.

c)  ████ proceeded to lie down with HEADLEY and he pulled the covers over them.  ████ was lying on her back and HEADLEY had his arms wrapped around her and he began rubbing her arm.  HEADLEY told ████ again that he's in love with her and they are made for each other. HEADLEY rubbed her bare breast under her shirt and then proceeded to remove ████'s pants and underwear and rub her vagina with his hand.  After approximately five minutes HEADLEY told ████ that she got hers and then asked if he could have his.

2

d) After HEADLEY touched her he took off all his clothes and began rubbing himself, including his nipples. HEADLEY placed himself on top ███ and began rubbing his penis on her vagina. HEADLEY grabbed ███'s hand and directed her to rub his nipples. HEADLEY then placed the tip of his penis into ███'s vagina and then removed it and ejaculated on ███'s leg. HEADLEY then provided ███ with a towel to wipe herself off. ███ was frozen with fear and couldn't believe this was happening to her, she did not try to stop him or tell him to stop. The accused either knew or was reckless or wilfully blind to the fact the sexual contact was unwanted

e) ███ was upset so she went to washroom to get dressed and tried to leave the hotel room to go for a walk but HEADLEY awoke and told her not to go out at 3:00 AM because it's not safe. HEADLEY then asked ███ if she was going to run away. ███ then went to bed and fell asleep crying.

f) The following morning on April 21st, 2017, HEADLEY acted like nothing happened. They attended the bride's house and ███ spent most of the day apart from HEADLEY getting ready for the wedding. Later in the day, ███ was with HEADLEY back at the hotel. HEADLEY told ███ that the enemy is out to get them and he can't let that happen. HEADLEY further stated that she's growing up to be a great woman and he needs to start teaching her more. HEADLEY told ███ he needs to finish a house in Barbados to give to her. ███ felt that HEADLEY was now trying to bribe her.

g) The wedding took place on April 22nd, 2017 and nothing further happened while they were in Canada and they flew back to Florida together on the same flight on April 23rd, 2017 and ███ flew home to Minnesota. They had spent a total of three nights in the hotel together in Brampton before returning to Florida.

h) Shortly after ███ returned home to Minnesota, her father sent her two hundred dollars and began calling her frequently over a three week period. HEADLEY told ███ that she should be on birth control and should get herself checked. Approximately a month after returning from Canada, ███ went to her doctor to talk about birth control and the doctor conducted STD tests. ███ received a diagnosis from the doctor which indicated she had chlamydia. ███ believes she received it from her father, HEADLEY, because she did not have any other sexual partners. It was then that ███ called her mother and told her mother what had happened between her and her father.

3

i) HEADLEY is a fifth grade teacher at Hammock Pointe Elementary School in Palm Beach County Florida. HEADLEY also works construction and does catering.

j) ███ did not report the sexual assault right away because she was scared that HEADLEY would leave her in Canada, as he was paying for her accommodations and airfare home. ███ was also concerned that if she told anyone, she could ruin HEADLEY's life, he's a teacher and the other side of the family is going to change how they are with him.

k) ███ also described a similar incident that occurred in February of 2017 when ███ travelled to Florida to visit her father. While at his home watching television, they were sitting on the couch together when HEADLEY touched her breasts and pulled up her skirt. After, they went to their separate bedrooms and HEADLEY called her into his bedroom to talk. Once in HEADLEY's bedroom, ███ was lying on HEADLEY's bed and he began rubbing her breasts under her clothing and he tried to pull down her skirt, when he tried to touch her vagina she told him to stop. HEADLEY told ███ that he is in love with her and they were made for each other. HEADLEY then apologized to ███ and asked her not to tell anyone. The following day ███ returned home to Minnesota.

6.    On January 26th, 2018 I reviewed the video statement of Rochelle HARRIS ("HARRIS"), the mother of ███-HEADLEY and the ex-girlfriend of Owen HEADLEY, provided to Detective Chris JOHNSON of the Anoka County Sheriff's Office, Minnesota, United States, on May 21st, 2017 and learned the following:

a) HARRIS and HEADLEY were together for a year and the relationship ended in 1999 prior to ███ being born. HARRIS and HEADLEY were never married and only had one child together ███. HEADLEY moved to Florida when ███ was approximately five years old. HARRIS continued contact with HEADLEY as she believed him to be a very charismatic person and she encouraged HEADLEY to be part of ███'s life in a father role.

b) ███ would visit HEADLEY every summer but in the summer of 2016 she did not want to go.

c) HARRIS was in a committed relationship with HEADLEY at the time ███ was conceived. HEADLEY has no custody rights to ███.

d) Shortly after returning from Canada, ███ called her mother to say she needed to go to see a doctor because she was having some "spotting". HARRIS took ███ to the doctor's and they

4

performed some tests. After  received the results she called HARRIS and told her that she really needed to talk to her. In her conversation with her mother, ▮▮▮ disclosed that she has chlamydia and that her dad gave it to her when they went to Canada.

e) While driving to the hospital for further tests, ▮▮▮ told HARRIS that while in the hotel room in Canada, HEADLEY called her over to his bed to give him a good night hug and he began to caress her, stroke her body and he held her chest or shoulders. HARRIS was with ▮▮▮ in the doctor's office when ▮▮▮ disclosed to the doctor that HEADLEY penetrated her and ejaculated, HEADLEY then gave ▮▮▮ a towel to clean up.

f) After disclosing the sex assault to her mother, ▮▮▮ told her mother that as soon as she came back from Canada her dad started sending her money. HEADLEY sent ▮▮▮ two hundred dollars and HARRIS now believes that it was hush money.

i) After being asked by Det. Johnson if HEADLEY ever wanted his nipples played with during intimate relations, HARRIS advised that he would often rub his own nipples.

7.      On January 26th, 2018 I reviewed the video statement of Ravesha HARRIS ("RAVESHA"), provided to Detective Chris JOHNSON of the Anoka County Sheriff's Office, Minnesota, United States, on May 21st, 2017. RAVESHA is the older half-sister of ▮▮▮ and the daughter of Rochelle HARRIS. Owen HEADLEY is not the father of RAVESHA.

a) Owen HEADLEY was RAVESHA's seventh grade teacher and that is how her mother met him.

b) After ▮▮▮ returned from Canada, HEADLEY would call RAVESHA more frequently to discuss ▮▮▮. RAVESHA felt that HEADLEY was trying to cause a riff between her family, so she stopped taking his phone calls.

c) RAVESHA spoke to ▮▮▮ on the phone after ▮▮▮ received her medical test results indicating she had chlamydia. ▮▮▮ told her that her father molested her when they went to Canada for her uncle's wedding. ▮▮▮ further disclosed to RAVESHA that her father gave her chlamydia and that it wasn't the first time that her father did something sexually to her. The first incident occurred while ▮▮▮ was visiting HEADLEY at his home in Florida on President's Day. HEADLEY called ▮▮▮ into his bedroom to talk and that's when he touched her vagina. When discussing the incident in CANADA, ▮▮▮ told RAVESHA that when HEADLEY finished he ejaculated on her leg then rolled over and went to sleep. ▮▮▮ kept telling

5

RAVESHA that she can't believe her dad did this to her.

8.      On February 12, 2018, I reviewed the notes of Detective Chris Giles #1692 of the Peel Regional Police, Special Victims Unit, and learned the following:

a) On May 15th, 2017, Investigators with the Anoka County Sheriff's Office in Minnesota, USA, contacted the Peel Regional Police, Special Victims Unit, to report a sexual assault that occurred on April 21st, 2017 in Brampton, Ontario, Canada.  The complainant, who is the mother of the victim, was Rochelle HARRIS, the victim was her daughter ███ and the culprit was ███ father Owen HEADLEY.  Detective Chris JOHNSON of the Anoka County Sheriff's Office conducted interviews with the complainant, the victim and the victim's half-sister RAVESHA. The video-taped statements were then forwarded to the Peel Regional Police, Special Victims Unit.

b) On May 17th, 2017, Detective Chris GILES of the Special Victims Unit, contacted HEADLEY by telephone to inform him of the investigation and pending criminal charges against him. HEADLEY stated to Detective Giles that he would not be returning to Canada to deal with any criminal charges.

c) On September 18th, 2017, Detective Chris Giles of the Special Victims Unit attended the A. Grenville and William Davis Courthouse in Brampton, Ontario and swore to an information charging Owen HEADLEY with Sexual Assault, Incest and Sexual Exploitation.  A warrant for arrest with a Canada wide radius was also sworn to.

## D.      IDENTIFICATION AND CURRENT LOCATION

9.      The accused in this matter is Owen HEADLEY, his date of birth is ███, 1963.  He does not have any status in Canada.

a) Attached hereto and marked **Exhibit A** to this affidavit is a photograph of HEADLEY.  The photograph was obtained from his Florida Driver's Licence ███-110-0. This photograph was shown to ███ by e-mail on February 12th, 2018 by myself, Detective Sheldon Langlois #2190 of the Peel Regional Police.  ███ confirmed that the person in the photograph is the person known to her as her father Owen HEADLEY.

b) Attached hereto and marked **Exhibit B** to this affidavit is a photograph of HEADLEY.  The photograph is a still image taken from video surveillance at the Monte Carlo hotel at 45 Coventry

6

Road, Brampton, Ontario, on April 23rd, 2017.  This photograph was shown to ███ by e-mail on February 12th, 2018 by myself, Detective Sheldon Langlois #2190 of the Peel Regional Police. ███ confirmed that the person in the photograph is the person known to her as her father Owen HEADLEY.

c)  On January 23rd, 2018, I received information from Homeland Security, Investigations International Operations, regarding border crossing and United States of America passport of Owen HEADLEY, date of birth, █████, 1963.  The information is as follow:

United States of America Passport #: ████0492

Flight Travel Information:

| 17 March 2017 | - | Fort Lauderdale to Barbados |
| 26 March 2017 | - | Barbados to Fort Lauderdale |
| 20 April 2017 | - | Fort Lauderdale to Toronto |
| 23 April 2017 | - | Toronto to Fort Lauderdale |
| 28 July 2017 | - | Miami to Barbados |
| 19 August 2017 | - | Barbados to Miami |

d)  HEADLEY is employed as an elementary school teacher with the Palm Beach County School District in Palm Beach County Florida and is assigned to work at Hammock Point Elementary School, located at 8400 Southwest 8th Street, Boca Raton, Florida.   He is currently reassigned to the School District's Maintenance Services.  On February 12th, 2018, I received information from Detective Sergeant Bill Murphy of the Palm Beach County School Police indicating that HEADLEY has been attending work as required.

e)  On March 5th, 2018, ███, provided a photo of her State of Minnesota Birth Certificate ███1756, issued ██████, 2001.   The parents listed on the certificate are Rochelle Reene HARRIS and Owen Athelbert HEADLEY.   Attached hereto and marked **Exhibit C** to this affidavit is a photograph of the Birth Certificate of ██████-HEADLEY.

## E.    CONCLUSION

10.    Based on the foregoing, I have reasonable and probable grounds to believe, and I do believe that HEADLEY committed the offences of sexual assault, Incest and sexual exploitation.

7

11.     I make this affidavit in support of Canada's request for the extradition of HEADLEY

from the United States of America to the City of Mississauga, in the Province of Ontario,

Canada, so that he may be tried for the offences with which he has been charged.


SWORN BEFORE ME at the          )
City of Mississauga in the       )
Province of Ontario, on this     )
17th day of April, 2018          )
                                 )


A Commissioner of Oaths, etc.                          Detective Sheldon Langlois #2190

Linda Barbara Swinnerton, a Commissioner, etc.,
Province of Ontario, for Peel Regional Police.
Expires April 13, 2021.


8

This is <u>Exhibit "A"</u> to the affidavit
of Sheldon Langlois sworn before
me on the
17th day of April 2018

_____

Commissioner of Oaths

Linda Barbara Swinnerton, a Commissioner, etc.,
Province of Ontario, for Peel Regional Police.
Expires April 13, 2021.



9

EX-HEADLEY-00039

This is Exhibit "B" to the affidavit
of Sheldon Langlois sworn before
me on the
17ᵗʰ day April 2018

Commissioner of Oaths

Linda Barbara Swinnerton, a Commissioner, etc.,
Province of Ontario, for Peel Regional Police.
Expires April 13, 2021.



10

This is Exhibit "C" to the
affidavit of Sheldon Langlois
sworn before me on the
17th day April 2018

_____
Commissioner of Oaths

Linda Barbara Swinnerton, a Commissioner, etc.,
Province of Ontario, for Peel Regional Police.
Expires April 13, 2021.



## STATE OF MINNESOTA
### CERTIFICATION OF VITAL RECORD

### BIRTH CERTIFICATE

**FULL NAME** ████████ HEADLEY

**SEX** FEMALE

**DATE OF BIRTH** ████████ 1999

**TIME OF BIRTH** 05:50 PM

**CITY OR TOWNSHIP OF BIRTH** ROBBINSDALE

**COUNTY** HENNEPIN

**PARENT(S)**
ROCHELLE REENE HARRIS (HARRIS)

OWEN ATHELBERT HEADLEY

**PARENT(S)' BIRTHPLACE**
MINNESOTA

**********

AMENDMENTS MADE PRIOR TO AUGUST 10, 2000 FOR THIS RECORD ARE NOT
NOTED ON THE CERTIFIED COPY.

████ OF THE BIRTH REGISTERED IN THE
████ FILED SEPTEMBER 22, 19██

████ 06, 2001

STATE REGISTRAR

11

EX-HEADLEY-00041