IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF EXTRADITION

OWEN HEADLEY

_____/

CASE NO:    18MC81148 UNA/DCB

## OWEN HEADLEY'S REQUEST FOR RELEASE PENDING HIS EXTRADITION HEARING AND POSSIBLE APPEARANCE IN ONTARIO, CANADA

COMES NOW, OWEN HEADLEY ("Headley"), and prays this Honorable Court for his release in response to the Government's Memorandum of Extradition Law and Request for Detention Pending Extradition Proceedings and Possible Appearance in Ontario, Canada, and in support hereof states:

### HEADLEY'S PERSONAL HISTORY, THE FACTS, AND CASE

Headley has been an educator and mentor to hundreds of students for almost 25 years. Headley has committed his life to helping youngsters; students gravitate to him for guidance, support, and mentorship.

Headley has strong ties to Palm Beach County, is not a flight risk, and has the special circumstances that make him the "perfect candidate" for bond pending possible Extradition to Canada.

Headley has never been investigated, arrested, or charged with any alleged criminal conduct until this case. He has never failed to appear for any prior court date.

Headley has never improperly or unlawfully touched or threatened to touch or cause harm to any human being ever.

1

Headley has never evaded authorities nor otherwise tried to avoid authority.

Headley is a mature and well-mannered family man. Headley's family, personal friends, work associates and students alike all respect and adore him.

Headley has never used an alias; never used an unlawful social security number; never used a fake date of birth; and has never tried to fake any part of his identity.

Headley was born in Barbados on March 30, 1963, to his mother Iona Headley, and father, Victor Headley. Headley's father, a migrant worker in the sugar cane fields of Western Palm Beach County, began working in the USA in the early 1950s. Headley's father applied for and obtained lawful Government permission for his family to come to the States. In 1977 Headley, his mother, and four siblings all moved to 809 SW 11th Avenue, Delray Beach, Palm Beach County, Florida, 33444. Headley and his family were lawful US residents. In 1989, Headley became a US Citizen. The home in Delray Beach, to this day, remains the family home. Headley's family, work, and all of his roots lie in Palm Beach County. To this day, Headley's family remains a close and loving local support system, even in the face of these allegations. Headley and his family obey the law, respect others, and help children in need.

Headley's parents, his sisters Coral Marshall, Jacqueline Headley and Carolanne Headley, and his brothers Clevis Headley and David Reid, all live in Palm Beach County. Headley's two sisters, Jacqueline and Carolanne, and his parents live in the same Delray Beach family home listed above for over 40 years. Headley's late brother, Perry Headley, also lived in the family home, until he died in 2002. Headley's parents and siblings will accept and undertake any and all responsibilities necessary to help the Court fashion a reasonable release package.

In 1982 Headley graduated Atlantic High School, a Palm Beach County Public School. Headley then attended the University of Florida. During his sophomore year, Headley was forced to withdraw from school because he needed money to pay for his education and other ongoing expenses. In the years that followed, Headley attended Santa Fe Community College and worked as a store manager at Ryan's Steakhouse and Office Mart. In 1991 Headley matriculated to St. Cloud State University in Minnesota. After first living with his brother Clevis Headley, a then Professor of Philosophy at St. Cloud State, he moved into his own home. While attending St. Cloud State, Headley worked in the school's work study program. In 1994, Headley earned his degree from St. Cloud State – Bachelor of Social Science Secondary Education. Headley, like his brother and sister-in-law, became an educator.

From 1994 through 2004, Headley taught in the Minnesota Public School system. Headley worked at Franklin Middle School in Minnesota. He was appointed to spear-head the Afro-Centric Educational Academy, a groundbreaking program instituted to teach to black middle school students in the areas of math, science, reading, history, and black history. This unique program raised funds that allowed the students to visit museums, cities across the country, go on a trip to Africa, and visit a variety of other locations that have deep historical meaning, for all Americans, especially African Americans. For example, Headley and his students visited Tuskegee, Alabama, and saw the motel in which Dr. Martin Luther King was shot, as well as other cultural locations with historical significance. Headley worked during the summers in multiple youth programs such as Scientific Discovery Programs and Math and Science Camps.

In 2004, Headley moved back to Delray Beach, Palm Beach County, Florida, and immediately became a teacher in the Palm Beach County Public School system. Over the

next 14 years, Headley taught at Delray Full Service Center, Atlantic High School, Barton Elementary, and Hammock Elementary.

Headley earned his General Contractor's (GC) license in both Minnesota and Florida. Over the years, Headley used his GC license to earn additional income from construction and work projects in Minnesota and Florida.

Headley has only possessed lawful Government issued papers: State of Florida drivers license, the GC licenses mentioned above, and a United States Passport. The US Passport is in the undersigned's possession.

Headley has been married twice, divorced twice, and now has a fiancé. Headley married his first wife, Alice Wall, in 2000, and divorced in 2005. Headley married his second wife, Rondelle Fingall, in 2006, and divorced in 2008. Headley has no children with either wife. Hedley has a son, Owen Pernelle Headley, born August 26, 1986, with a woman named Theresa Harris. Headley's son, a high school graduate, lives in Orlando, Florida and works as a band member in a Disneyworld Park. Headley has always instilled positive values in his son.

The alleged victim in this case is the daughter of Headley and a woman named Rochelle Harris. The alleged victim was born on September 4, 1999. It is worth noting that Headley was always consistent in paying child support for his daughter over the years, to the tune of approximately $115,000, from August, 2000, through successful completion in March, 2018. This is evidence of Headley's respect for the law and of his seriousness when meeting his obligations. At the time of the alleged crimes (04/22/17), the alleged victim was 17 years old, just 4 months shy of her 18th birthday.

Headley's United States Passport shows international travel both before and after this alleged incident. Each and every time Headley left the US, he returned, voluntarily.

Regarding travel after the alleged incident, Headley's passport shows:

1. In July, 2017 Headley traveled alone to Barbados to receive medical treatment for multiple episodes of diverticulitis;

2. In March, 2018 Headley travelled alone to Barbados for spring-break vacation;

3. In May, 2018 Headley took his fiancé to Costa Rica to celebrate her birthday;

4. In June, 2018 Headley travelled to Barbados to help a family reunify; and

5. In July 2018 Headley and his fiancé went on a cruise to the Bahamas.

During every trip, there was never an issue at any Customs checkpoint concerning the instant allegations. Customs never stopped, questioned, or otherwise alerted Headley concerning any alleged outstanding Canadian warrant. The Government's paperwork alleges Canadian authorities issued a warrant on September 18, 2017 before Headley's last four international trips. Notwithstanding, Headley always returned to the US pursuant to his original itineraries.

Headley does not have the financial ability to flee any Court's jurisdiction. Upon information and belief, Headley has two bank accounts, one with Florida Memorial Bank that contains approximately $3,100, and one at Chase Bank that contains approximately $4,000. Headley owns a 2003 Chevy Silverado Pickup Truck with 289,000 miles, worth approximately $2,000. Headley has Palm Beach County School Board retirement monies presently valued at approximately $50,000. Headley's retirement funds are not in his control or custody; he has no ability to access these funds. There exists a vacant piece of land in Barbados that Headley bought in 2005 - present value is approximately $35,000.

The allegation that Headley sent the alleged victim "hush money" is not well founded. Headley appropriately provided his daughter $200 upon her request for financial help with her airplane baggage and clothing costs expenses associated with the family wedding in Ontario, Canada.

The alleged victim was arrested in Minnesota on April 29, 2018, approximately 6 months after her 18th birthday. It appears from the clerk of court record (Case# 27-VB-18-150417) that on July 9, 2018, she was convicted of Possession of Drug Paraphernalia – Use. The record reflects she failed to appear or pay the fine as required. Accordingly, penalties were added to her sentence, the fine was sent to collections, and remains unanswered.

A close review of the poor/non-existent Canadian investigation reveals weak allegations that do not rise to the level of probable cause:

(a) The alleged victim claims Headley transmitted a sexual disease to her during the alleged incident. However, Headley has numerous medical records that unequivocally prove he could not have transmitted any sexually transmitted disease because he did not and does not have one;

(b) The allegation that Headley told a Canadian law enforcement officer that he would not return to Canada for questioning is inaccurate. Headley offered to go to Canada to speak with Canadian officials. In fact, we can prove the following: Headley first found out about the baseless allegations in May, 2017 when a Detective from Brampton, Ontario called Headley's cellular telephone number (561-929-8494). This is the same telephone Headley uses today, while not incarcerated. It was during this phone call that Headley offered to go to Canada to talk with authorities;

(c) The same night as this telephone call local Palm Beach County Sheriffs Office personnel served Headley with a Petition for Restraining Order the alleged victim's mother filed in Minnesota, her hometown. Headley personally flew and attended the Court hearing in Minnesota with his brother, Professor Clevis Headley. Headley went to the Anoka County Minnesota Courthouse with his brother and a local Minnesota attorney for the 30-minute hearing. Thereafter, Headley returned home to Palm Beach County. No law enforcement authority (local, state, federal or Canadian) ever called Headley after the hearing in Minnesota. It was not until his arrest in Palm Beach County in August, 2018 that Headley became aware of the subject Canadian warrant;

(d) A local Palm Beach County attorney will testify that Headley, through the attorney, reached out to authorities to effectuate a meeting between Headey and authorities to discuss the instant allegations, but the authorities never returned the attorney/Headley's telephone call;

(e) Canadian authorities never interviewed or investigated (or even tried to interview or investigate) the family members who attended the wedding of Headley's brother, David Reid, in Canada and who were actually with Headley and the alleged victim during the relevant timeframe;

(f) Canadian authorities only spoke with the alleged victim, her mother and half-sister; which only occurred after the alleged victim visited a clinic to get an Intra-Uterine Device (IUD). The mother and half-sister

7

were not in Canada at the material time and their entire knowledge comes only from the alleged victim. Moreover, the mother and half-sister lack credibility;

(g) Headley's family members who were present in Canada over the entire weekend will testify that based on their personal observations the alleged victim showed no indications that she was victimized, and thus, the allegations are false;

(h) there is no corroboration to the alleged victim's assertions;

(i) there is no forensic evidence the incident occurred;

(j) there is no physical evidence the incident occurred;

(k) there is no medical proof the incident occurred;

(l) there is no admission the incident occurred;

(m) there are no similar claims by other women or family members;

(n) there was not a contemporaneous complaint or report; and

(o) Headley is actually innocent.

In support of this Motion, we ask the Court to consider this pleading, the testimony presented at the detention hearing, and the following exhibits attached hereto and incorporated herein:

1. Affidavit of Coral Marshall;
2. Affidavit of David Reid;
3. Affidavit of Jacqueline Headley;
4. Affidavit of Amaris Kellman;
5. Letter from Dr. Louis Tumminia;

6. Paperwork from Headley's medical doctors at Bethesda Health, Bethesda Memorial Hospital, Diagnostic Centers of America, Bethesda Outpatient Surgery Center, and Urology Center of South Florida;

7. Headley's USA Passport identification page and entry stamps;

8. Clerk of Court Record regarding alleged victim's conviction in Minnesota Case# 27-VB-18-15047. The name of the Defendant/alleged victim therein has been redacted as a precautionary measure because although she was an adult at the time of her arrest and conviction, her name has not been used in the Government pleadings and Counsel thought that not to redact may be unethical because a reasonable person might connect the minor's name. Counsel has ready for inspection by The Court or the Government, an unredacted copy upon request;

9. Receipts for air, car, and hotel in Canada for alleged victim & Headley;

10. Minnesota Clerk of Court Paperwork concerning alleged victim's mother's processing materials in furtherance of a Restraining Order in May, 2017;

11. Palm Beach County School Police Department Incident Report;

12. Headley's and Clevis Headley's car and air reservations to Minnesota for the May, 2017 Restraining Order Hearing;

13. Letter from one of Headley's past students; and

14. Headley's child support payment records from the Department of Human Services, Child Support Enforcement Division, State of Minnesota.

**MEMORANDUM**

Canadian Criminal Code Section 515(1), states, inter alia, [T]he justice shall, unless a plea of guilty is accepted, order, in respect to that offense, that the accused be released on his giving an undertaking without conditions, unless the prosecutor, having been given a reasonable opportunity to do so, shows cause, in respect to that offense, why the detention of the accused in custody is justified.

This foreign extradition proceeding is not a criminal case. The Bail Reform Act, Fed. Rul. Crim. Pro. and the Fed. Rul. Ev. do not apply to the hearing. This procedure is sui juris in nature and is a diplomatic process. Martin v Warden, Atlanta, Pen., 993 F.2d 824, 829 (11th Cir. 1993), and In re Extradition of Mohammad Safdar Gohir, 2014 WL 2123402 (D. Nev. 2014). Fed. Rule. Crim. Pro. 1(a)(5)(A), Fed. Rule Ev. 1101(d)(3), 18 U.S.C. 3141, 3142 and 3156, and Afanesjev v Hurlburt, 418 F.3d 1159.

Bail in extradition proceedings is granted upon a showing that an accused is neither a risk of flight, nor a danger to the community, and special circumstances warrant the accused's release. US v Taitz, 130 F.R.D. 442 (S.D. Cal. 1990) and In re Extradition of Garcia, 761 F. Supp. 2d 468 (S.D. Tex. 2010). It is not impossible to obtain bond in international extradition proceedings. In Re Extradition of Nacif-Borge 829 F. Supp. 1210 (D. Nev. 1993), and Gohir, supra, at 11.

## **CONCLUSION**

Counsel is confident that under these unique circumstances, Headley deserves bail. Headley believes this Court is hard-pressed to find a more qualified and suitable candidate for bail in this unique type proceeding.

Headley is not a flight risk or nonappearance.

Headley is not a threat to the community or others if released.

Special Circumstances exist that warrant Headley's release.

Headley respectfully suggests that he has carried his burden, individually and cumulatively, whether the Court applies the preponderance of the evidence standard or the higher clear and convincing standard. Headley has shown that he is not a flight risk for nonappearance, that he is not a threat to the community, and special circumstances exist that warrant Headley's release on bail.

WHEREFORE, Headley requests the Court grant him release under the following special conditions:

1. $200,000 personal surety bond, co-signed by his parents, sisters and brothers;
2. Post the family home in Delray Beach, Florida as collateral;
3. Headley's US Passport shall remain in the custody of undersigned counsel;
4. Headley shall be required to appear in Canada on a date and time so Ordered;
5. Headley shall be required to appear in Your Honor's courtroom and the Canadian courtroom for proceedings as Ordered by the Courts;
6. Headley shall be required to fly to Canada with undersigned counsel, who shall maintain possession of Headley's passport; and
7. Any other condition the Court imposes.

I HEREBY CERTIFY a true & correct copy was efiled on September 26, 2018.

        GERSHMAN & GERSHMAN
2160 W. Atlantic Avenue
Second Floor
Delray Beach, FL 33445
Telephone: (561) 684-8898
robert@rglawfirm.us
<u>S//Robert Gershman</u>
ROBERT S. GERSHMAN
Fla. Bar No. 917397