UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-MC-81148-UNA/DLB

IN THE MATTER OF

THE EXTRADITION OF

OWEN ALTHELBERT HEADLEY

_____/

### GOVERNMENT'S MOTION In LIMINE

The United States of America, through the undersigned Assistant United States Attorney, hereby submits this Motion in Limine regarding the contradictory and irrelevant evidence fugitive Owen Althelbert Headley ("Headley") has submitted in support of his Request For Release Pending His Extradition Hearing And Possible Appearance In Ontario, Canada.  *See* D.E. # 27.

Extradition is primarily an executive function with only a limited role for a judge, who is authorized by statute to determine whether to certify to the Secretary of State that the submitted evidence is "sufficient to sustain the charge." 18 U.S.C. § 3184. At the extradition hearing, the Court's role will be to consider the evidence presented on behalf of the requesting country (Canada, in this case) and to determine whether the legal requirements for certification of extraditability— as defined in the extradition treaty, statutes, and case law—have been established. *See, e.g., Kastnerova v. United States*, 365 F.3d 980, 987 (11th Cir. 2004) ("Extradition hearings under § 3184 are in the nature of a preliminary hearing.") (internal quotation marks and citation omitted). If the Court finds that the requirements for certification have been met, it must provide the certification to the Secretary of State, who will then decide whether the fugitive should ultimately be surrendered to the requesting country. 18 U.S.C. §§ 3184 & 3186.

1

### A.    The Scope of the Extradition Hearing Is Limited

As the government has previously explained, extradition is primarily an executive function. *See also In re Extradition of Martinelli Berrocal*, No. 17-22197-MC-TORRES, 2017 WL 2908361, at *2 (S.D. Fla. July 7, 2017) (extradition proceeding is "an administrative proceeding arising under international law for certification and approval of the State Department's decision to extradite this person at the request of a foreign government"). The Court's role in an extradition proceeding is limited to determining whether the five requirements for a certification of extraditability have been met. All other considerations are reserved exclusively for consideration by the Secretary of State, who is the ultimate arbiter regarding whether to grant a foreign country's request for a fugitive's extradition. *See* 18 U.S.C. §§ 3184, 3186.

### B.    The Evidence Headley Seeks to Present Is Inadmissible in the Extradition Hearing

Headley is not entitled to present any of the evidence that he attached to his Motion for Release at the extradition hearing. Due to the nature of an extradition hearing, a fugitive's opportunity to challenge the evidence against him is highly circumscribed. In particular, a fugitive's "right to introduce evidence [at the hearing] is limited to testimony which explains rather than contradicts the demanding country's evidence." *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1433 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994). As the Supreme Court has noted, a contrary rule would . . . give [a fugitive] the option of insisting upon a full hearing and trial of his case here; and that might compel the demanding government to produce all its evidence here, both direct and rebutting, in order to meet the defense thus gathered from every quarter. The result would be that the foreign government though entitled by the terms of the treaty to the extradition of the accused for the purpose of a trial where the crime was committed, would be

compelled to go into a full trial on the merits in a foreign country, under all the disadvantages of such a situation, and could not obtain extradition until after it had procured a conviction of the accused upon a full and substantial trial here. This would be in plain contravention of the intent and meaning of the extradition treaties. *Collins v. Loisel*, 259 U.S. 309, 316 (1922) (*quoting In re Wadge*, 15 F. 864, 866 (S.D.N.Y. 1883)).

Thus, "[g]enerally, evidence that explains away or completely obliterates probable cause is the only evidence admissible at an extradition hearing, whereas evidence that merely controverts the existence of probable cause, or raises a defense, is not admissible." *Barapind v. Enomoto*, 400 F.3d 744, 749 (9th Cir. 2005) (en banc) (citation omitted); *United States v. Fernandez-Morris*, 99 F. Supp. 2d 1358, 1366 (S.D. Fla. 1999) (stating that "[t]estimony that merely gives the opposite version of the facts does not destroy the probability of guilt" and thus is inadmissible). The extent to which the fugitive may offer explanatory proof is largely within the discretion of the committing judicial officer. *Fernandez-Morris*, 99 F. Supp. 2d at 1366. The category of explanatory evidence is not large in light of the limited purpose of an extradition hearing. *See Jimenez v. Aristeguieta*, 311 F.2d 547, 556 (5th Cir. 1962) ("The accused is not entitled to introduce evidence which merely goes to his defense but he may offer limited evidence to explain elements in the case against him, since the extradition proceeding is not a trial of the guilt or innocence but of the character of a preliminary examination held before a committing magistrate to determine whether the accused shall be held for trial in another tribunal.") (emphasis added).

In general, evidence offered by a fugitive that requires the Court to make determinations outside of the narrow scope of the hearing exceeds the limits of what constitutes explanatory evidence and is not properly before the Court. For example, courts have routinely excluded evidence bearing on the credibility of witnesses. *See, e.g., United States v. Peterka*, 307 F. Supp.

3

2d 1344, 1349 (M.D. Fla. 2003) (explaining that "the court shall exclude evidence that is proffered to contradict testimony, challenge the credibility of witnesses, or establish a defense to the crimes alleged"); *In re Extradition of Powell*, 4 F. Supp. 2d 945, 958 (S.D. Cal. 1998) (denying fugitive's motion to introduce evidence, and finding that fugitive was "foreclosed from presenting evidence as to the unreliability of witnesses because . . . [that would] change an extradition hearing into more than it is meant to be, i.e., a minitrial" and "it is inappropriate to present evidence contradicting that proffered by the [requesting country]"); *see also Santos v. Thomas*, 830 F.3d 987, 1002-03 (9th Cir. 2016) (approving exclusion of "statements contest[ing] the credibility of the original statements, . . . [i.e.] offering reasons why the government's evidence should not be believed"); *In re Extradition of Singh*, 124 F.R.D. at 577 (denying request for depositions intended to uncover evidence affecting credibility or reliability of affidavits supporting extradition); *In re Atias*, 916 F. Supp. 2d at 930 (denying requests for discovery of "items relate[d] to issues of a defense to the charges or the credibility of the [requesting country's] evidence").  Such evidence is irrelevant to determining a fugitive's extraditability, as "courts must accept as true all of the statements and offers of proof by the demanding state, reserving the weighing of evidence and making of credibility determinations for the courts in the requesting country—which is where the determination of guilt will be made."  *In re Extradition of Martinelli Berrocal*, No. 17-22197-CIV, 2017 WL 3776953, at *35 (S.D. Fla. Aug. 31, 2017) (citation and internal quotation marks omitted); *see also Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986); *Shapiro v. Ferrandina*, 478 F.2d 894, 901, 905 (2d Cir. 1973); *In re Extradition of Marzook*, 924 F. Supp. 565, 592 (S.D.N.Y. 1996).

      Here, none of the testimony or documents Headley seeks is "explanatory."   As explained above, Headley's evidence has little-to-no potential relevance to probable cause in this case.

Accordingly, the Court should reject Headley's attempts to offer inadmissible evidence at the pre-trial detention hearing or the extradition hearing.

**WEREFORE,** the undersigned respectfully requests the Court grant the Government's Motion in Limine.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

 s/    LOTHROP MORRIS
By: LOTHROP MORRIS
    ASSISTANT U.S. ATTORNEY
    Florida Bar # 0095044
    500 Australian Avenue, Suite 400
    West Palm Beach, FL 33401
    (561) 820-8711
    (561) 820-8777 (FAX)
    LOTHROP.MORRIS@USDOJ.GOV

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on September 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

            By: s/   LOTHROP MORRIS
              LOTHROP MORRIS
              ASSISTANT U.S. ATTORNEY