UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

OCT 05 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - W.P.B.

IN THE MATTER OF )
)
THE EXTRADITION OF ) Case No. 18-MC-81148-UNA/DLB
)
OWEN ALTHELBERT HEADLEY )

## ORDER OF EXTRADITION AND CERTIFICATION OF EXTRADITABILITY

The Court having held an uncontested extradition hearing on October 5, 2018, and after considering the evidence, in particular, the certified and authenticated documents submitted by the Government of Canada, the Complaint [DE 1] filed on August 27, 2018, by Lothrop Morris, Assistant United States Attorney for the Southern District of Florida, pursuant to the request of the Government of Canada, for the arrest and extradition of OWEN ALTHELBERT HEADLEY, the affidavits and declarations of record, and the affidavit of waiver of extradition executed by OWEN ALTHELBERT HEADLEY and witnessed by his attorney, the Court finds and certifies to the Secretary of State as follows:

1. This Court has jurisdiction over, and the undersigned is authorized to conduct, extradition proceedings pursuant to Title 18 U.S.C. § 3184 and Local Rule Magistrate Judge Rule 1(a)(3);

2. This Court has personal jurisdiction over Owen Headley ("Fugitive") found and arrested on August 29, 2018, in this District pursuant to a complaint filed by the United States in response to the request of Government of Canada for the arrest and extradition of the Fugitive;

3. The extradition treaty in force between the United States and Canada, the Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971,

27 U.S.T. 983, which entered into force on March 22, 1976, and which was amended by the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. Treaty Doc. No. 101-17 (1990), which entered into force on November 26, 1991, and the Second Protocol Amending the Extradition Treaty with Canada of January 12, 2001, U.S.-Can., Jan. 12, 2001, S. Treaty Doc. No. 107-11 (2002), which entered into force on April 30, 2003 (collectively referenced hereafter as the "Extradition Treaty") was in full force and effect at all times relevant to this action.

4. The Owen Headley sought by Canadian authorities and the Owen Headley arrested in this District for extradition and brought before this Court are one and the same person;

5. The Fugitive has been charged in Canada with sexual assault, in violation of section 271 of the Criminal Code of Canada ("CCC"); incest, in violation of section 155(2) of the CCC; and sexual exploitation, in violation of section 153(1)(a) of the CCC. The offenses were committed within the jurisdiction of Canada.

6. The above referenced Treaty between the United States and Canada encompasses the offenses for which the Fugitive has been charged and for which extradition is sought for trial.

7. The government of Canada has submitted documents that were properly authenticated and certified in accordance with the terms of the Treaty. These documents include the pertinent text for the crimes with which the Fugitive has been charged.

8. There is probable cause to believe that the Fugitive before this Court, the same person identified in the extradition request from Canada, committed the offenses for which extradition is sought.

9. And, further, the Court having been advised in open session that OWEN ALTHELBERT HEADLEY is the fugitive sought by the Government of Canada; that he is aware that the Government of Canada has filed charges against him and has obtained a warrant for his arrest; that he has reviewed the Complaint filed by the United States Attorney for this judicial district; that he has been fully advised of his rights in this country pursuant to the extradition treaty in force between the Government of the United States and the Government of Canada and Title 18, United States Code, §§ 3184-3196, and that he has knowingly and voluntarily waived those rights;

It is therefore **ORDERED,** pursuant to 18 U.S.C. § 3184, the above findings and the proceedings and submissions had therein, that the Court certify the extradition of the Fugitive, OWEN ALTHELBERT HEADLEY, to Canada, on all offenses for which extradition was requested, and that OWEN ALTHELBERT HEADLEY be committed to the custody of the United States Marshal pending arrival of the duly authorized representatives of the Government of Canada, at which time the United States Marshal shall deliver him to the custody of such authorized representatives to be transported to Canada to be held for trial or other disposition. It is further **ORDERED** that the transfer of physical custody of OWEN ALTHELBERT HEADLEY shall be at such time and place as mutually agreed upon by the United States Marshal and the duly authorized representatives of the Government of Canada.

It is further **ORDERED** that the Clerk of this Court forward a certified copy of this Certification and Committal for Extradition, and the executed Affidavit of Waiver together with a copy of the evidence presented in this case, including the formal extradition documents received in evidence and any testimony received in this case, to the Secretary of State, and to

the Director, Office of International Affairs, Criminal Division, Department of Justice, in Washington, D.C., and the Assistant United States Attorney.

**DONE and ORDERED** in Chambers this 5th day of October, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE